# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTOINE ALLEN HARRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:19-CV-3409 NAB |
| | ) |
| STANLEY PAYNE, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

Petitioner Antoine Allen Harris seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court will order petitioner to show cause as to why this action should not be dismissed for failure to exhaust available state remedies.

### The Petition

Petitioner, an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), seeks release from confinement pursuant to 28 U.S.C. § 2254. He was convicted by a jury of Murder in the Second Degree, Armed Criminal Action, Unlawful Use of a Weapon and Unlawful Possession of a Firearm on July 23, 2019. He was sentenced on September 3, 2019 in Scott County Circuit Court to a total of fifty (50) years' imprisonment in the Missouri Department of Corrections. *State v. Harris*, No. 15SO-CR01374-01 (33rd Judicial Circuit, Scott County Court).

Petitioner alleges that his sixth amendment rights were violated during his state court trial when the trial court allowed the testimony of "false witnesses." Petitioner also states that his due process rights were denied during the trial. Petitioner states that his direct appeal of his criminal

conviction is currently pending in the Southern District Court of Appeals. *Harris v. State,* No. SD36298.

**Discussion**

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Jud. Cir. Ct. of Ky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.

Here, petitioner will have the opportunity to raise constitutional challenges in the context of his direct appeal and through his post-conviction (Rule 29.035/29.15) proceedings and appeals. As such, petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction.

Petitioner shall show cause why this action should not be dismissed for failure to exhaust his state court remedies prior to bringing this action to federal court. Petitioner shall have twenty-one (21) days to file a response to the Court's Order.

Accordingly,

**IT IS HEREBY ORDERED** that that the Clerk is directed to mail petitioner a copy of the Court's motion to proceed in forma pauperis – habeas cases.

**IT IS FURTHER ORDERED** that petitioner must either pay the $5 filing fee or submit a motion for leave to proceed in forma pauperis within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that petitioner shall show cause within twenty-one (21) days of the date of this Order as to why the Court should not dismiss the instant habeas corpus application for failure to exhaust available state remedies. Petitioner's failure to file a show cause response may result in the denial of the instant petition and the dismissal of this action, without prejudice.

Dated this 8th day of January, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE