# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE ALLEN HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-3409 RWS |
| | ) | |
| STANLEY PAYNE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. The Court issued an Order to petitioner Antoine Allen Harris on January 8, 2020 requiring him to Show Cause why this habeas corpus action should not be dismissed for failure to exhaust available state remedies. Petitioner has failed to respond to the Order to Show Cause and his time for doing so has passed. After review of the record in this matter, the Court will dismiss this action for petitioner's failure to exhaust his available state remedies.

### The Petition

Petitioner, an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), seeks release from confinement pursuant to 28 U.S.C. § 2254. He was convicted by a jury of Murder in the Second Degree, Armed Criminal Action, Unlawful Use of a Weapon and Unlawful Possession of a Firearm on July 23, 2019. He was sentenced on September 3, 2019 in Scott County Circuit Court to a total of fifty (50) years' imprisonment in the Missouri Department of Corrections. *State v. Harris*, No. 15SO-CR01374-01 (33rd Judicial Circuit, Scott County Court).

Petitioner alleges that his sixth amendment rights were violated during his state court trial when the trial court allowed the testimony of "false witnesses." Petitioner also states that his due process rights were denied during the trial. Petitioner states that his direct appeal of his criminal conviction is currently pending in the Southern District Court of Appeals. *Harris v. State,* No. SD36298.

**Discussion**

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Jud. Cir. Ct. of Ky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.

Here, petitioner will have the opportunity to raise constitutional challenges in the context of his direct appeal and through his post-conviction (Rule 29.035/29.15) proceedings and appeals. As such, petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction.

As such, the Court will dismiss this action, without prejudice, for petitioner's failure to exhaust his available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** due to petitioner's failure to exhaust his available state remedies.

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

Dated this 20th day of February, 2020.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE